William R. HARRIS, Individually and as Trustee of the William R. Harris Trust U/T/D October 18, 1985, Otto Gago, William Parker and Carolyn Parker, Plaintiffs,

v.

AGRIVEST LIMITED PARTNERSHIP II, a Michigan Limited Partnership; Michigan National Bank, a National Banking Association; 4–II Corporation, a Michigan Corporation; Thomas A. Dell, Barry A. Breakey, Brian M. Bartley, Michael H. Oesterle, and William M. Hawks, Jr.; Rose, Schmidt, Chapman, Duff & Hasley, a Pennsylvania Partnership; Jointly and Severally, Defendants.

Civ. A. No. 91–CV–40185 FL.

United States District Court, E.D. Michigan, S.D. at Flint.

Feb. 11, 1993.

See also 818 F.Supp. 1035.

Cherie D. Redman, Bloomfield Hills, MI, for plaintiffs.

Thomas A. Dell, in pro. per.

Edmund M. Carney, Pittsburg, PA, Anthony V. Trogan, Jr., Birmingham, MI, John R. Spreitzer, Farmington Hills, MI, Thomas B. Bourque, Ann Arbor, MI, for defendants.

## MEMORANDUM OPINION AND ORDER

NEWBLATT, District Judge.

Pending before the Court are three motions. A motion to dismiss by Defendants Rose–Schmidt and Agrivest Limited Partnership, II ("Agrivest II") based upon a constitutional challenge to a federal statute that extended the statute of limitations in this matter is currently being held in abeyance because the same argument shall be shortly addressed by the Sixth Circuit in a pending case before it. Defendant Michigan National Bank ("MNB") has also filed a motion for summary judgment. The Court heard oral argument on that motion in October, 1992 and then asked for supplemental briefs on securities law violations. That matter is resolved in this opinion. Finally, MNB, the plaintiffs and several defendants have agreed to enter into a partial settlement and seek Court approval of that settlement with a bar order from the court to prevent further con-

tribution by these codefendants. Several of the non-settling defendants, including Agrivest II, 4–II Corp., Inc. and several individual defendants, oppose the approval of the partial settlement and the bar order. The Court heard oral argument on this last motion on February 10, 1993.

## MOTION TO APPROVE SETTLEMENT AND BAR ORDER

■ The movants, Plaintiffs and several of the defendants, including MNB, contend that this Court should approve the partial settlement between these parties.[1] While a court normally performs a routine review of fairness to approve a settlement, in the case at bar, the situation is different because the movants seek a "bar order" preventing the non-settling defendants from obtaining contribution from the settling defendants. Thus terms of the settlement and conditions imposed must be fundamentally fair and equitable to the non-settling defendants. *Nelson v. Bennett,* 662 F.Supp. 1324, 1338 (E.D.Cal. 1987).

■ The movants contend the settlement is fair and reasonable. In this matter, Plaintiffs invested a total of $140,000 to purchase four units of Agrivest II, a limited partnership. Each unit required the owner of the unit to guarantee a pro rata share of subordinated notes that were sold in connection with the offering, as well as a pro rata share of a note which was subsequently issued by MNB in the principal amount of $525,000. Seven and one-half Notes were allegedly funded in the amount of $60,000 per note, a total principal sum of $450,000. Plaintiffs' alleged pro rata share of the principal of the MNB note is $198,352.64, and with interest and late charges though December 14, 1992, total $276,747.04. Plaintiffs' alleged pro rata share of the alleged seven and one-half subordinated notes is $180,000, and, with ac-

crued interest, is asserted to be $320,000. Four of the seven and one-half subordinated notes are held by non-settling defendants.

The Carney group has agreed to contribute $72,500 to plaintiffs in complete settlement of the plaintiffs' claims against those listed in Exhibit A to the Joint Motion. Plaintiffs will pursue their claims against the other defendants.

Movants have agreed to pay and MNB has agreed to accept $142,500 as complete settlement of MNB's counterclaim against plaintiffs for their pro rata guarantees of the MNB note and settlement of plaintiffs' claims.

Movants admit that if the right to contribution is extinguished by a bar order, the non-settling defendants must be protected by an offset mechanism. *See USF & G v. Patriot's Point Development Authority,* 772 F.Supp. 1565, 1572 (D.S.C.1991).

Movants offer the Court three alternative methods of setoff discussed in *In re Granada Partnership Securities Litigation,* 803 F.Supp. 1236, Fed.Sec.L.Rep. (CCH) ¶ 96,851 at 93,441–442 (S.D.Tex.1992). Movants admit no Sixth Circuit precedent selects an appropriate method, *see Granada,* 803 F.Supp. at 1241, Fed.Sec.L.Rep. (CCH) at 93,442 ("There is no authority in the Sixth Circuit for the entry of any kind of bar order."), and they do not prefer any one of them.[2]

The three methods are pro tanto, proportionate fault, and pro rata. They are clearly defined in *Granada,* which has drawn on *In re Jiffy Lube Securities Litigation,* 927 F.2d 155, 160–161 n. 3 (4th Cir.1991):

> (1) *Pro tanto,* in which the judgment is reduced by the amount paid by the settling defendants; the non-settling defendant pays the remainder. This method exposes the non-settling defendant to liability for

---

**1.** The brief filed in opposition to the motion does not appear to have been filed on behalf of most of the 39 former partners of Rose, Schmidt, Hasley & Disalle who are named defendants in this case, but are not listed as settling defendants.

Thirteen of the former partners in this firm (and/or shareholders of Rose, Schmidt, Hasley, & Disalle, P.C. are referred to by both parties and in this opinion as the "Carney group."

**2.** At oral argument, Plaintiffs stated a preference for *pro tanto.*

any deficiency in the judgment, so a hearing focusing on fairness of the settlement to the non-settling defendant is required for approval.

(2) *Proportionate fault,* in which the jury assesses the relative culpability of both settling and non-settling defendants, and the non-settling defendant pays a commensurate percentage of the judgment. Here, the plaintiffs bear the risk of a "bad" settlement and thus have incentive to obtain a settlement accurately apportioned according to fault.

\* \* \* \* \* \*

(3) *Pro rata,* in which the judgment amount is simply divided by the number of defendants, settling and non-settling, that are found liable. Relative culpability is not an issue. Since the settling defendants will already have satisfied their debt to plaintiffs, the non-settling defendant may have to pay a share larger than theirs if the judgment is greater than the settlement amount. Conversely, the non-settling defendant will pay less if the judgment is less than the settlement amount.

*In re Granada,* 803 F.Supp. at 1240, Fed.Sec. L.Rep. (CCH) at 93,441–442. The *In re Granada* court followed Ninth Circuit precedent, *Franklin v. Kaypro Corp.,* 884 F.2d 1222, 1231 (9th Cir.1989), in adopting the proportionate fault method. The *Granada* court found that this method met the equitable goal of limiting liability to relative culpability as well as the advantage of encouraging settlement. *Granada,* 803 F.Supp. at 1240–41, Fed.Sec.L.Rep. (CCH) at 93,442. Moreover, this approach prevents the plaintiffs from engaging in a collusive settlement with a party who faces high liability to force a defendant with minor culpability from being "left holding the bag."

The non-settling defendants ("Opponents") contend that bar orders from other circuits have always involved class actions, and the public policy favoring settlement bar orders do not apply to the instant case. The Opponents argue that in this case of federal and pendent state claims, the right of contribution, which is well established at state law,

exists. Plaintiffs, as well as most defendants, are liable to defendant MNB under the terms of the partnership's financing agreement. Defendant's Brief at 7. MNB has already settled with most guarantors at $40,000 per limited partnership unit. *Id.* Under the same rate, Plaintiffs would owe $160,000.00 Dollars. However, Plaintiffs are only effectively paying $75,000.00 (since they are obtaining the $72,500 from the Carney group). Thus, Plaintiffs are obtaining an unusually good deal.

This point does not carry any weight with the Court. The Opponents probably lack standing to object about how much Plaintiffs must pay MNB. Neither does the Opponents' second contention carry weight. The settlement is unfair to them, they claim, because they will be left "holding the bag" if a judgment is awarded for plaintiffs. Opponents contend that the Carney group, which is settling, faces tremendous exposure, because they are primarily responsible for whatever transpired. Under the settlement, they are paying $72,500 or about $3,000 per man. If the Court were to issue a bar order, "The most likely culprits in the case would escape upon payment of a pittance and all pressure on Plaintiffs to settle would be lost." *Id.* Of course, this court has made no finding whether any party is liable and certainly has no evidence before it about how to allocate hypothetical liability of the various defendants.

The Opponents also contend that approval of the "settlement by this Court and issuance of a bar order will almost guarantee a trial for the balance of the claims—there will be no fewer witnesses—no fewer documents and the issues will remain as simple or complex as they are now." *Id.* at 8.

The Court disagrees that the enforcement of a bar order, *per se,* will cause inequitable results. This court chooses not to penalize the non-settling defendants by making them bear the risk that the settlement is inequitable. Therefore, as a condition of the bar order, the Court will require a setoff according to proportional fault, as the *Granada* court did.

For example, if the settling defendants are adjudicated to be 90 percent at fault and the non-settling defendants are 10 percent at fault, and the fact finder determines that an award of $1 million is appropriate, then plaintiffs may only collect $100,000—that is, ten percent of the award—from the non-settling defendants. The fact that the settling defendants will have paid the plaintiffs far less than $900,000 is thus a risk to be borne by the plaintiffs.

The effect of the order is to foreclose the right of recovery of plaintiffs to recover money from the non-settling defendants that is owed to them by other defendants. It seems reasonable that the Court should establish this condition in exchange for the bar order. The alternative is for the non-settling defendants to be potentially stuck for most of the judgment, when, as they contend, the law of contribution would ordinarily foreclose that result. The Court makes this ruling without the necessity of determining what the law of contribution is in this case.[3]

It is the opinion of this Court that the proposed settlement is reasonable so long as the proportionate fault method of setoff is employed. Therefore, the Court will sign an appropriately drafted bar order.

The motion for summary judgment by MNB is now MOOT.

SO ORDERED.

---

**3.** This issue has only been briefed by the non-settling defendants, and is unnecessary to decide at this point in the litigation.